IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GBEKE MICHAEL AWALA,  PRO SE    )
            PLAINTIFF,        )
                      )
                      )
                      )
v.                    )    civil no. 05-281
FEDERAL AND STATE              )
PUBLIC DEFENDER et al          )
CRIMINAL JUSTICE SYSTEM et al. )
          DEFENDANT          )

**FILED**

JUL 12 2005

DISTRICT COURT
DISTRICT OF DELAWARE

EQUAL PROTECTION FOR LAWYERS AND PRO SE LITIGANT-JUST COMPENSATION PROVIDING LEGAL SERVICES TO NEEDY PERSONS-CRITICISED OVERTIME FUNDS OR INTEREST ON LAWYERS TRUST ACCOUNTS(IOLTA) PROGRAMS NOT PAID TO PRO SE'

       COMES NOW, Mr. Gbeke Michael Awala, Pro se, moves res-
pectfully for an Order based on Confession of Judgment as the
defendant had not responded to the allegations presented by the
plaintiffs since the date and time the alleged demand for Due
process under the 5th Amend. Const. U.S., was said to be abridged
and deficient in the area of distribution of said funds to Pro Se,
criminal Litigants-Equal Access to Court's compensation, wherein
plaintiffs moves to correct errors for decades, eliminate obsolete
matters, and restating the law with logical completeness and with
precision, brevity, and uniformity of treatment regarding the said
attoney's fees.    In support thereof, plaintiff states as follows:

       (a).  ATTORNEYS: With respect to the state of Washington's
Delaware, New Jersey, Virginia et al, interest on lawyers' trust
accounts(IOLTA) program, which required lawyers and limited Practice
Offices--nonlawyers to act as escrowees in the closing of real-estate
transactions---and other clients funds civil or criminal---to deposit
certain temporarily-held client funds in IOLTA accounts, with such

1.

accounts interest to be distributed to a foundation for tax-exempt
law-related charitable and educational purposes such as providing
legal services to needy persons, the Supreme Court held that there
was no violation of the fifth Amendment's just compensation clause
for even if it were assumed that the **IOLTA** PROGRAM EFFECTED A TAKING
OF PROPERTY,(1) the pecuniary loss to the owners of such client
funds was zero if thus, the just compensation due to such owners
was also zero.  See In re**Brown v. Legal Found**.  (2003, US) 155 L Ed
2d 376, 123 S. Ct 1406.].

## A. STATEMENT OF CLAIM

Assuming arguendo--the said funds were ruled not violating the 5th
Amend. To the Great Constitution of our Country  United States. Now
if at all there is a quintessential asset value or pecuniary loss
to the owners of siad (IOLTA-Funds), shouldn't this funds be use
and applied towards the law-related charitable and educational pur-
poses such as providing legal services or legal materials to County
Jails, Detention Centers, Prisons and Public Law libraries in the
United States.  The Court also alleged the just compensation due
to owners of said funds are also zero--which means in equity share
someone or some law firm or some non-governmental agencies are res-
ponsible for collecting this funds and it is quite clear that this
funds are beign collected but diverted for personal gains or con-
sumptions, the funds are conveyed misleading the owners that they
were used for law related charity donations but retain by lawyers
who receives them and promise under oath to fund the programs bene-
ficiaries Nation wide.  The report obtain by plaintiff which may  be
produced against the defendants during trial in this case shows that

2.

the assertedly excessive percentage of the donations that the
fundraisers collect and retains the Money.  Building themselves
Million Dollar Mansions, in very expensive cities nation wide,
driving expensive cars from lambogini to bentleys and Benze with
other peoples money or poor peoples money.

The plaintiff moves to disbarred such fradulent solicitations of
funds for charity, to the extent the said funds were not used or
applied for charity benefits but personal benefits or personal
gain and that amounted to  Perjury and in violation of Title **18
Chapter 79, §1621,** and since the said funds could have been avai-
lable for the Governments-Federal and State, wherein the funds
would have yielded income, and a taxable income to be collected
unbehalf of the Government by the (Internal revenue Service), the
defendants are in violation of Title  18 U.S.C. sec 1516(Obstruc-
tion of Federal audit), and section 1520(Destruction of corporate
audit records).  Since the defenadant pretending to be non-for-profit
solicitation fundraiser, lawyers and limited Practice Officers-such
such IOLTA funds are presume to have been accounted for in a  Income
and expendature Account so to allow the trier of facts to conduct
an audit of the <u>estimated $3Billion loss to the needy persons</u>.
The plaintiff shall appoint <u>AUDIT FIRM COOPERS AND LYBRAN Corp.</u>
to instigate and procure the audit of the defendants soonest.

The defendant shall answer for their alleged violations of Title
**26 U.S.C. §7206(**Fraud and False statements)(1)(2)(3) and(5)(A)(Con-
cealment of property)(B)(Withholding. falsifying, and destroying
records; of the Internal Revenue Code.

3.

B.  <u>RELIEF SOGHT</u>

To suppliment the inter alia filed Motion holding the defendants
responsible in its lacking completeness, and in an effort to
perfect the well framed **Constitutional Amendment. 6, by correcting**
errors, eliminating obsolete matter, and restating the law with
logical completeness and with precision, brevity , and uniformity
of Assistance of Counsels and **The Assistant role of Counsel.** See
In Re: <u>U.S. V. Ash., Dist. Col.(1973)</u>, 93 S Ct 2568, 413 U.S. 300
37 LEd.2d 619.(Throughout expansion of the counsel guarantee to
trial-like confrontations, function of lawyer remains essentially
the same as his function at trial and accused's right to assistance
of counsel means the right of accused to have counsel acting his
assistance.    The action of the defendants are also repugnant or
distasteful in the well framed **Code of professional Responsibility**.).

## PUBLIC DEFENDERS, ATTORNEYS, COLOR OF LAW ALLEGATION

Prisoner's civil rights complaint adequately stated claim against
court-appointed attorney and against agents of Federal Bureau of
Investigation, even though the attorney and the agents might not
themselves have acted under color of state law, where the complaint
alleged that the agents and the attorney were part of single conspiracy
involving several other defendants who did act under color of state
law.  <u>Williams v. Rhoden</u>, C.A.5(1980), 629 F.2d 1099.

**IN THIS CASE AT BAR:** Plaintiffs complaint has standing in that the
defendants were part of a single conspiracy to deprived the poor
peoples funds made available to them by other prominent citizens
through charity for funding legal advise and education to the

4

point were the defendant are in violation of Title 42 U.S.C
SECTIONS 1981(Equal rights under the Law), 1983(Civil Right
action of deprivation), and section 1985(conspiracy to interfere
with civil rights).  Herein privileges to the plaintiffs et al.

ABSOLUTE IMMUNITY EXCEPTIONS
In determining whether a private individual, actively conspiring
with an absolute immune State official with the intent to
purposely and knowingly deprive another of his rights secured
under the Consttitution and laws of the United States, is acting
under color of law as required by this section, the critical
inquiry is whether plaintiff has demonstrated the existence
of a significant nexus or entanglement between the absolutely
immune state official and the private party in relation to the
steps taken by each to fulfill the objects of their conspiracy
Norton v. Liddel, C.A.10 (Okla.)1980, 620 F.2d 1375.
IN THIS CASE AT BAR:
As the Court ruled above the defendants had demonstrated a
significant act of ommisssion that has removed the shelter
guaranteed them based on absolute or qualified immunity therefore
are liable for their actions.

INTRODUCTION TO THE GUIDE BOOK OF THE FEDERAL BUREAU OF PRISONS.
AND BASED ON A COLLECTION OF REPORT FROM-INMATES PRISON JOURNALS.
AND OTHER LEGAL INMATES LITERATURE JOURNAL EVIDENCE SHOWS THE
COMPLAINT OF SEVERAL AND ALL OF THE FOLLOWING FEDERAL PRISON
LACKS ADEQUATE AND NO SUPPORT BY THE DEFENDANTS IN THE AREA OF
BENEFITS ALLOCATED TO THEM BY THE OWNERS OF FUNDS:

WE CHOOSE FIVE PRISONS IN THE MID-ATLANTIC REGION
FCI BUTNER- The law library inmates complained

of adequate legal materials towards post-conviction
remedies.

FMC-LEXINGTON-complaint as above.
FCI-MEMPHIS-Complaint as above.
FCI-Morgantown-SAME AS ABOVE
FCI-PETERSBURG-SAME AS ABOVE
FFC-SEYMOUR-JOHNSON-SAME AS ABOVE

THE NORTH CENTRAL REGION

MCC CHICAGO- LACK OF ADEQUATE FEDERAL LAW BOOKS
FPC DULUTH-SAME AS ABOVE
ADX FLORENCE-SAME AS ABOVE
FCI GREENVILLE-SAME AS ABOVE
USP leavenworth-SAME AS ABOVE

THE NORTHEAST REGION

FCI ALLENWOOD-LOW-inadequate law library educational
materials to assist in preparing Motions et al.

USP-ALLENWOOD-SAME AS ABOVE
MDC BROOKLYN-SAME AS ABOVE
FCI-ELKTON-same as above
MCC-NEW YORK-SAME AS ABOVE

THE SOUTH CENTRAL REGION

FCI BASTROP-SAME AS ABOVE
USP BEAUMONT-SAME AS ABOVE
FPC-BRYAN-SAME AS ABOVE
FCI-EL RENO-SAME AS ABOVE
FDC HOUSTON-SAME AS ABOVE

THE SOUTHEAST REGION

USP ATLANTA-SAME AS ABOVE
FCI -COLEMAN-SAME AS ABOVE
FCI-EDGEFIELD-same as above
MDC-GUAYNABO-SAME AS ABOVE
FDC-MIAMI-SAME AS ABOVE

THE WESTERN REGION
FCI-DUBLIN-SAME AS ABOVE
FCI LOMPOC-SAME AS ABOVE
USP LOMPOC-SAME AS ABOVE
MDC-LOS ANGELES-SAME AS ABOVE
FCI-PHOENIX-SAME AS ABOVE

And finally FDC-Philadelphia, same as the rest Institution
lacking adequate upto date law Books.

the revised listing is based on random selection of the plaintiff

typwriting but the complaint was universally made including all

state prisons and local County jails accross the Nation
lacking the following:

-Federal Sentencing Guidelines U.S.C.A. Title 18 chap. One (PartA
through B), and Chap.2 through Chap Eight and Appendix and (Parts).
-Federal Rules of Criminal Procedures-U.S.C.A.  Title 18. Rules 1-
to the End.
-Decisions of the United States Supreme Court-Terms 2002-03 TERM
and 03-04 TERM et seq.
Title 18,U.C.A. sections 1 through End.  Including the Cumulative

Annual Pocket Part.  U.S.C.A.
-U.S. Constitution Amend. 1 through to End.  U.S.C.A.
-U.S. Constitution Articles 1 through End U.S.C.A. 2004 et seq.

-Complete Manual of Criminal Forms for Use-West Group-Vol 1,2, and
3.

Federal Hebeas Corpus Practice and Procedures.
Vol 1 and 2.

-Title 28  Part 43 to End(Judicial Administration).

United States Code Annotated United States Court of appeals Rules.
TEXT-APPENDICES-ADDENDA-JUDICIAL CONSTRUCTIONS-INDUCES.

"Replaces the 2002 Pamphlet"

WHEREFORE, based on the foregoing assertions the plaintiff res-

pectfully request the court to issue an order deems fit to litigate

this claim. To with respect provides for Equal Access to Justice

Act provision (28 U.S.C. §2412(d)(1)(A))--and the relief under the
provisions of(IOLTA).  and a compensation-punitive **$300Million.**

**for damages.  overdue payments et seq.**

Submitted under penalty of perjury to be correct and true.

Dated: 6/28/05

Respectfully Submitted,

Gbeke M. Awala Pro Se
FDC Philadelphia
P.O Box 562
Philadelphia, Pa 19105