IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT.

Gbeke M. Awala, et al.
        Appellant.

Vs.

Federal Public Defender et al
        Appellee.

CIVIL No. 05-281 (KAJ)

Appeal No. 05-4341

FILED

OCT - 4 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Class Action

## MEMORANDUM OF LAW
### INITIAL BRIEF

A. The Complaint.

Awala et al asserted and brought a "class Action" suit under 42 U.S.C. Section 1983 to Compel the American Bar Association and the United States Courts " to Institute a Judiciary Superintended adversary proceeding on the question of the amount deposited by attorney in an Interest

(1).

bearing trust accont. Such funds were being Mis appropriated For decades thereby not suitably been Used or applied towards the Benefit of the Intended beneficiaties. Such as Indigent persone, facing Criminal charges and other matters of Law.

**(B) Class Action:**

Awala unbehalf of the effected persons respecfully request the Honorable District Court to Certify the Cas as a Class Action.

**(c)** Awala's claim in Conjunction to the alleged Complaint demostrated fair Problem alleging inadequate legal Support due to Lack of Access to such funds that may be used to hire Private Investigators and Othe Expert to bring the Search for Inter alia his Biological mother, whose Presence may be actively televent as a Potential witness, if fond may allow the Trier of facts to understand his Circumstances Properly. relying for the Cause and effect Prongs. [ ].

(D). APPLICATION TO PROCEED IN FORMA PAUPERIS.

The Motion to proceed in Forma Pauperis was granted pursuant to 28 U.S.C. § 1915 et seq. The Court find reason to believe all efforts and subsequent Submissions of Copies of his prison trust Account statement and/or leave to properly proceed in forma Pauperis, and a Letter as a result of a Transfer from one Institution/County Jail to a Proper Place or a well better or suitable detention Center Such as the Federal Detention Center, where the Plaintiff is now housed. Consequently mooted.

## I     STANDARD OF REVIEW

(1). The Court determined the Action before the Court brought by the Plaintiff Awala was or is frivolous, malicious, fails to state a claim upon which relief may be granted or Seeks monetary relief from a defendant immune from Such relief pursuant to 28 U.S.C. sections 1915(e)(2)(B)-1915A(b)(1). And In addition the Court took mere steps of "Screening" Mr

(3).

Awala's Complaint Prior to receiving or found to have Filed Six Complaints between February 17, 2005 and July 6, 2005.

(2). The Court Finally made a decision that If the Court were to grant Awala the relief he requests, "Such a ruling would necessarily Implicate the validity of any future Conviction. Subsequently the Court redirect him self noting, It is clear from the Pleadings and Public record, that Awala has neither been Convicted, nor Sentenced. Because Awala Cannot prove that his Conviction and Sentence were reversed or Invalidated by any means required under Heck, his claim lack an arguable basis in Law or in fact. Consequently the Court dismissed the Complaint without Prejudice as frivolous pursuant to ssection 1915(e)(2) - 1915A(a)(b). dated 8/4/05, by Hon Kent A. Jordan, Forth with the Appellant now Appeals without Prejudice.

(1)

## II. <u>Summation by Awala: The Complaint.</u>

The Order of the Court did not seem to disturb the Plaintiffs in this Case, the Plaintiffs apparently accepted It by faith. However, the Plaintiff noted the "Personal nature of Right" and Its Intended or Imminent Consequences, and learned under <u>"Overbreadth doctrine,"</u> and Consequently realized that the Very existence of Overbreadth Common Law, may Cause others not before Court to refrain from Constitutionally protected Claims. As general Summation It was Further clear that the Trier of fact that Ruled in this Case, had not adopted a reasonable Standard that may draw Properly, Inferences So true beyond a reasonable doubt, also based upon fanciful factual allegation presented in the Case in Chief with set of fact as a <u>general issue</u>, that may held

A. Awala
10/3/05.

(5).

the claim   to which would entitle

him (Awala) to relief and also embraces

prove not only arguable legally and

factualy, the Court must accept as true the

factual allegations in the Complaint In light

of positive and reasonable  Inductive Evidence that

may be drawn. Accordingly, the Court erred,

the Court did not Arrest his Judgment before,

Signing an Order.   Wherefore, the Appellant

Moves the Honorable Court Respecfully in Spirit

and in thruth for a Remand and Injunctive relief

So that the first Ruling by the Honorable

Court may not Survive within the Mainstream

of the federal Courts Common Law to be used

as a precedent over all Similarly Situated

Cases, Instead Remand for Revision of all

Pretrial Judicial findings that failed to

Show that reasonable Jurists would Affirm the

Order of the Lower Court as true and Correct.

This Appeal may Preserve the Appellants

already Implicated 7th Amend. Const. Right to Jury Trial

In this Case and equal protection of Law.

(C).

(A).  <u>C</u>lass Action! And The Complaint.

1.  Supreme Court held: as a general Proposition, that a Complaint filed in forma pauperis Which failed to state a Claim, for purpose of Rule 12(b)(6) of the federal Rules of Civil. P., <u>is not automatically</u> "frivolous" withing the meaning of 28 U.S.C. Sechon 1915(d). See: Neitzke V William (1989, US) 104 LEd 2d 338, 109 SCt 1827).

In Awala. The District Court had applied too Low Standard and wrongfully or misInterpreted the Opinion of the <u>Neitzke</u>, Court, in an attempt to demolish, discredit and pronounce as frivolous the Complaint Inter alia by MR Awala, and Inaddition wrongly equated the Standard of Issues raised and the general Issues by drawing Inferences from mere facts or Consequences in Support of the main Issues which had higher Probative Value allowing It to experience a potential prejudice.

(7).

after Consistently Confusing the Claim with Awala's Criminal Case, as the headliner, whereas the Statement of Claim was directed to the higher probabitive issue Involving the <u>Question</u> as to the Misappropriation of the (<u>IOTA -Funds),</u>

The District Cart Determination by picking piece meal issues, what may be Construe as Interluctory issues, another "<u>Overbreadth</u> <u>Opinion of the Law</u>" as long as the Supreme Court Reigns. The Court in <u>Neitzke</u> As Ruled under positive mind frames, that this issue hear is far beyond what the Lower Court had Interpreted as a frivolous Claim. therefore, Mr. Awala's Complaint embraces the arguable legal and factual allegations. in <u>Neitzke v. William</u>, 490 U.S. 319, and so not automatically frivolous. Otherwise not frivolous. Personal nature of Right to challenge Statete without been discoureged to express Concern, see In re. M.S. Cal 1995. 896 P.2d 1365. 42 Cal Rptr. 2d 355.

(8).

2. <u>Class Action:</u>    Avala's request that the
Court Certify this case as a class action
was adequate and sufficient and predicate
upon the numbers of class and persons
Involved in this matter and the potential
beneficiaries of the aforementioned Money,
If the defendant had been adequately and
Sufficiently applying the funds to the needy.

Avala is Capable of representing of
his fellow Inmates in a class action, especially
when the particular Case appears to be exceptional
and extraordinary in nature, as this Case in
Chief, where Such Petition may be presented
piecefully without the Interferences with the
effective and adequate running of the federal Bureau
of Prisons Internal Rules and Regulations.

Accordingly MR. Avala's request for Certification
as Class Action must be granted In light of
the Supreme Court in this Case recommends
any Member of the Class to petitione
Nothwithstanding, their State or Backgroun
and other factors. See: Village of willow

(9)

v. Olech (2000, US) 145 L Ed. 2d 1060, 120 S. Ct 1073]. (The Court held (i) the number of Individuals in a Class was Immaterial to establish a Cause of action under the equal protection Clause of the federal Constitution's Fourteenth Amendment, and (2) thus, the equal protection clause could properly give rise to a Cause of action on behalf of a "class of one", even though the Plaintiff did not allege membership in a class or group).

<u>In this Case at bar</u>: the qualification Basis for Certification as a Class action is proper and must be appropriately decided and granted, because MR. Awala, who may be representing the Class is protected by the all relevant issues presented and addressed as in the <u>Olech Court</u>. In addition Awala is Capable of representing his fellow inmate fairly and adequately based upon the predicate Interest of the alleged fellow Inmate. And need to enjoy equal Protection of Law.

3. <u>Assistance from Other Inmates:</u>
It was held that federal Prison rules Concerning legal assistance by Inmate to

(10).

fellow Inmates are not unConstitutional when they are applied merely to regulate giving of legal assistance by inmates to fellow Inmates and not to prohibit it in all Instances. Putt v. Clark, N.D.G.a (1969) 297 f. Supp. 27

As a result, the Court may not Strickly apply Maldonado, 28 f. Supp. 2d 284, 299 (D. N. J 1998) et al, Which attempted or actually try to Prohibit Such fellow Inmates to Inmates Legal assistance, and Cannot allege that Mr Avala had failed to develop adequate and Cognizable basis to allow him to proceed as a Class action pursuant to Fed. R. Crim. P. Rule 23 (a)(1)(2), When there are question of fact Common to the Class. As the Case in Chief Speaks loud and clear.

4. Self Representation: The Court held that neither the holding nor the reasoning of the Court's decision in Faretta v. California (1975) 422 US 806, 45 L Ed 2d 562, -- Which recognizes Self Representation, failed the accused Rights.

(11)

5. Awala's Claim If successful, would necessarily Imply the Invalidity of the Plaintiff's Conviction or Sentence. The Court Relying on <u>Heck v. Humphrey</u> 512 U.S. 477 (1994).

However, Plaintiffs denies this findings for Its Lack of actuality and Vagueness and Its potentially uses of Language from any actual or predicate or overt meaning. Now one one ground, the Plaintiffs 7th Amend. Right to Jury trial of this matter is fatally Implicated in that Judicial finding was prejudice and Plain-error in ordinary manner, and if we were to be Speaking of punishments or Sentencing under Rule 32, or title 18 USC Section 3553 et seq, to would be Subject to blakely vs. Washington, 542 U.S. 296, 75 CrL 308 (U.S. 2004) Since it violates Sixth Amendment Right and wrong under U.S. vs Booker (U.S. 2005). Then the defendant would be entitled to relief for Prejudice other than Jury determination.

Secondly, Trial Judges Comment on guilt of a defendant may be Prejudice error where Such remarks have Usurped or Tainted the fact finding duties of the Jury U.S. v. Harris (1971)

(12). 441 F.2d 1333.

Wherefore, Presumption of Innocence, has a greater Latitude or deference, each defendant has presumptive right to remain Innocent until found guilty by an unbiased Jury or Trier of facts. For this simply reason, the Court erred when the Standing Orders to dismiss the Complaint was Overt acted upon the Invalidity of a potential Conviction on a pending Criminal charges, Instead on ruling on the. The District Court had failed to Rule in light of all relevant Precedents, Instead simply precedent its decision on Precedents discovered by the district Court; and the Constitutional Issues raised herein triggered rational basis Scrutiny and not heightened Scrutiny See: Miller V. Albright (1998, US) 140 L Ed 2d 575. The Plaintiffs experence is an element of Manifest Injustice in the application and Interpretation of Law ~

(13).

Since this Order is a Public document and prospective Jurors among other things within MR. Awala's Criminal pending charges (citation omitted), the Jurors haven't read this order on the Internet et seq. may be Prejudice, and the Court of this great Circuits, here the United States Court of Appeals is respectfully directed in light of. the Supreme Court Rolling, hold that Rule 50 of the Fed. R. Civl. P permitted an appellate Court to direct the entry of a Judgment as a matter of Law when the appellate Court determined that evidence was erroneously admitted at trial and that the remaining, properly admitted evidence was insufficient to Constitute a Submissible Case. Weisgram V. Marley Co. (2002) US. 145 L.Ed 2d 958, 120 S.Ct 1017.

Appellant Prays for the Sought relief Submitted under penalty of perjury.

Respectfully Submitted.

Dated: 10/3/05          (14).          Gbele M. Awala

No. 82074-054 P.O. Box 562.

Federal Detention Center



FEDERAL DETENTION CENTER
PHILADELPHIA
P.O. BOX 572
PA : PA 19105
DATE

USMS

THIS CORRESPONDENCE WAS PROCESSED THROUGH
SPECIAL PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS JURIS-
DICTION, YOU MAY WISH TO RETURN THE MATERIAL
FOR FURTHER INFORMATION OR CLARIFICATION. IF
THE WRITER ENCLOSES CORRESPONDENCE FOR
FORWARDING TO ANOTHER ADDRESSEE, PLEASE
RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

Office of the Clerk
UNITED STATES DISTRICT COURT
844 N.King Street, Lockbox 18
Filmington, Delaware 19801

Gbeke Michael Avala Pro Se
No.:82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105

legal Mail: