**CPS-182**  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4341
_____

GBEKE MICHAEL AWALA,

Appellant
v.

FEDERAL PUBLIC DEFENDER; AMERICAN BAR ASSOCIATION;
DIRECTOR OF THE ADMINISTRATIVE OFFICE; GOVERNMENT
PRINTING OFFICE, Washington, DC; JUDICIAL CONFERENCE;
STATE PUBLIC DEFENDERS, Salem County, New Jersey

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 05-cv-00281)
District Judge: Honorable Kent A. Jordan
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 30, 2006

Before: BARRY, SMITH AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed April 21, 2006)

_____

OPINION
_____

PER CURIAM

Gbeke Michael Awala, currently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania, appeals the dismissal of his complaint as legally frivolous. For the reasons stated herein, we will dismiss this appeal as legally frivolous.

In May 2005, Awala filed a complaint and an amended complaint in the United States District Court for the District of Delaware, seeking to certify a class to vindicate the alleged violation of his and the purported class members' constitutional rights. In his complaints, Awala alleges that the defendants' failure to provide him with funds from client trust accounts with which to finance his defense in his criminal prosecution violates his right to due process, to counsel, and to a fair trial. He argues that these funds were intended to be used for legal services for indigent persons and that he and the other members of the class he seeks to represent should therefore have access to these funds for use in defending against their criminal prosecutions. Specifically, Awala alleges that he needs such funds to "have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense," notwithstanding his decision to represent himself in his criminal prosecution.

Awala named as defendants the Federal and State Public Defenders (Salem County, New Jersey), Judicial Conference of the United States Courts, Director of the Administrative Office, Government Printing Office, and the American Bar Association. He alleges that the public defenders have failed to use client trust account funds to defend

2

criminal defendants, and in fact, that they have used such funds for their own purposes, such as to purchase mansions and sports cars. He claims that the American Bar Association and the United States Courts should "institute a judicially superintended adversary proceeding on the question of the 'amount deposited by attorney in an interest-bearing trust account.'" He alleges that the Government Printing Office has a contract to print and bind all Congressional publications and materials, which are then distributed to federal and state prisons, and that it failed to respond to one of his requests for information. He seeks $150 million in damages.

The District Court dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1). The Court first held that, as a prisoner acting pro se, Awala would not be able to adequately represent the interests of the inmates he sought to represent as a class, and therefore the requested class could not be certified. With respect to Awala's substantive claims, the Court concluded that they were barred by Heck v. Humphrey, 512 U.S. 477 (1994), reasoning that successful litigation of his claims would necessarily imply the invalidity of any future conviction or sentence imposed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Awala has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we must first review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Awala's claims are patently without

merit.  Awala asserts that his constitutional rights are being infringed upon by defendants' failure to provide him with money from interest-bearing trust accounts.  By state statute or court rule, each state in the union uses interest on lawyers' trust accounts ("IOLTA") to pay for legal services for the needy.  See Brown v. Legal Found. of Wash., 538 U.S. 216, 220 (2003); Phillips v. Wash. Legal Found., 524 U.S. 156, 159 (1998).  In the instant lawsuit, Awala has neither demonstrated that any of the defendants named in his complaints receive IOLTA funds nor that he nor any other indigent prisoner has a constitutional right to such funds for use in defense of their criminal prosecutions.  As such, his claims have no arguable basis in law or fact.  This appeal will therefore be dismissed under § 1915(e)(2)(B).  All other pending motions are denied.[1]

---

[1] We have considered the arguments raised in Appellees' motions for summary affirmance, but need not take action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6, as we are dismissing the appeal pursuant to § 1915(e)(2)(B).  We have also considered the arguments raised in Appellant's document entitled "Appendix for Appellant Volumes I & II," which addresses the merits of this appeal.